issue for the plaintiff, and also find what amount of principal and interest is now due and payable, and what further sum will become payable, and when.

The judgment was entered as follows: Judgment on the verdict, for the penalty and costs, to be released on the payment of $1187.32, with interest thereon from this date till paid. And on the payment of $520.80, with interest thereon from the 1st day of January, 1806, till paid, with liberty to take out execution therefor after that day. And on the payment of $476, with interest thereon from the 1st day of January, 1807, till paid, with liberty to take out execution therefor after that day.

## Case No. 3,602.

### DAVIDSON v. BURR.

[2 Cranch, C. C. 515.][1]

Circuit Court, District of Columbia. Dec. Term, 1824.

APPEALS FROM JUSTICE OF THE PEACE—APPEALABLE JUDGMENTS.

1. An appeal does not lie to this court from the judgment of a justice of the peace in a cause which has been tried by a jury before the justice.

2. Quaere, whether a justice of the peace in the District of Columbia is a judge of a court of the United States within the meaning of the constitution of the United States, in relation to the tenure of office.

[Cited in Hellrigle v. Dulany, Case No. 6,343.]

This was an appeal from the judgment of a justice of the peace in a case, above the value of $20, which had been tried by a jury before the justice under the act of the 1st of March, 1823 [3 Stat. 743], "to extend the jurisdiction of the justices," &c. It was objected, that a justice of the peace trying causes by a jury, was a judge of an inferior court of the United States, and therefore ought to be appointed quamdiu se bene gesserit; and not having been so appointed, but holding his office only for five years, he was not a competent judge, and had no jurisdiction of the cause. It was also suggested that a cause once tried by a jury could not at common law be tried again by jury in another court; nor could the fact be afterwards tried again by the court.

THE COURT (MORSELL, Circuit Judge, contrà) was of opinion that the justice had jurisdiction; but that under the 7th amendment of the constitution of the United States, which declares that "in suits at common law," "no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law," there cannot be a trial by jury in this court of a cause which has been tried by jury before a justice of the peace.

This cause has been tried by jury before the justice, and by the rules of the common law it cannot be re-examined by a jury in any other court; nor by the judges without a jury.

And CRANCH, Chief Judge, was of opinion that a writ of error, upon a bill of exceptions, will only lie to a court of record. The proceedings of courts not of record, can, by the common law, only be brought up by certiorari, if brought up at all; and not by appeal.

Upon the question whether the justice had jurisdiction, CRANCH, Chief Judge, was of opinion that if the justice was such a judge of an inferior court of the United States, as is intended by the third article of the constitution of the United States, the same article fixed the tenure of his office, and it could not be altered by an act of congress. And that if he was not such a judge, then the argument from the constitution did not apply to his case.

DAVIDSON (DAVIS v.). See Case No. 3,631.

## Case No. 3,603.

### DAVIDSON v. DONOVAN et al.

[4 Cranch, C. C. 578.][1]

Circuit Court, District of Columbia. March Term, 1835.

ATTACHMENT—SERVICE OF NOTICE TO CORPORATION.

An attachment of credits in the hands of the Chesapeake and Ohio Canal Company is sufficiently served by notice to the clerk of the company.

Mr. Marbury, for garnishees, contended that the service of the attachment by a notice to the clerk of the company was not sufficient, because he was not the proper officer to be summoned; and because not served in the presence of two witnesses. The attachment was also served upon W. Gunton, one of the directors. This was also objected to by Mr. Marbury, who contended that the service should have been upon the president of the company.

Mr. Woodward, the deputy-marshal, testified that he had been in the habit of always serving the process on the president and directors, until they directed him to serve process on their clerk, which they said would be sufficient.

THE COURT (nem. con.) was of opinion that the service of the attachment on the canal company, by giving the notice to Mr. Ingle, their clerk, as the officer, Mr. Woodward, was requested to do by the president and directors, was a sufficient service.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]